**GATEWOOD, Plaintiff-Appellee, v. YOUNGSTOWN SHEET & TUBE COMPANY, Defendant-Appellant.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3836. Decided March 27, 1956.

Traxler & Beil, Youngstown, for plaintiff-appellee.

Manchester, Bennett, Powers & Ullman, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, PJ.

Defendant, a self-insurer under the Workmen's Compensation Act of Ohio, appealed to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict for plaintiff in his appeal to that court from an order of the Industrial Commission of Ohio denying his right to participate in the Workmen's Compensation Fund of Ohio.

On September 27, 1948, while regularly employed as a tractor operator by defendant the tractor plaintiff was operating fell from a platform about four feet above ground level striking plaintiff in his chest and middle of his body, fracturing his pelvis and rupturing his urethra. X-ray examination revealed a thickening of the pleura over the entire right lung field.

Plaintiff resumed his employment in March 1949 and except for intermittent short periods worked steadily until April 1951 when he quit work because of a knee condition, which so far as the evidence shows was not due to the injury received on September 27, 1948.

On September 24, 1951, plaintiff was admitted to the Mahoning Tuberculosis Sanitarium for treatment for tuberculosis, where he remained until September 26, 1951, when he left that institution voluntarily and without discharge by those in charge of that institution, and later was hospitalized in the United States Veterans Hospital in Butler, Pennsylvania.

Diagnosis of plaintiff's condition made in the Mahoning Tuberculosis Sanitorium in November 1948 revealed no pulmonary tuberculosis but revealed plaintiff was suffering from pleurisy. The diagnosis of no pulmonary tuberculosis was confirmed in August 1951, and in October 1951 plaintiff's tuberculosis, diagnosed as acute fulminating pneumonic type, was diagnosed as of fairly recent origin and of about three months duration.

Two medical witnesses testified that there was and four medical witnesses testified that there was no causal relationship between plaintiff's injury of September 27, 1948, and his subsequent tubercular condition.

It is established by the evidence that there was no pre-existing pulmonary tuberculosis in plaintiff's lung on September 27, 1948; that the tubercular bacillus is a germ which causes tuberculosis; that that germ was not introduced into plaintiff's body nor caused by his injury of September 27, 1948; that it merely lowered his resistance allowing tuberculosis to develop after he inhaled the germ which set up an infection in his body.

As defendant suggests by brief the issue is whether "plaintiff's pulmonary tuberculosis (is) the direct and proximate result of the injury sustained by him" on September 27, 1948.

As its sole assignment of error defendant contends that "the court of common pleas erred in overruling defendant's motion for a new trial," for the assigned reasons that the verdict of the jury and judgment of the trial judge entered thereon are against the manifest weight of the evidence and contrary to law; and that "plaintiff's disability beginning in September 1951 from tuberculosis was not the direct and proximate result of his injury in September 1948, but rather was the direct result of a germ; and also because only certain occupational diseases enumerated in the Workmen's Compensation Act are compensable as such, and tuberculosis is not one of those diseases enumerated."

Defendant argues by brief:—

"In view of this conclusive evidence of no tuberculosis one month after the injury, and no tuberculosis as late as August, 1951, almost three years after the injury, there is obviously no basis for a claim the injury 'activated, aggravated or accelerated a pre-existing condition of ill being in the plaintiff.' This is fortified by the circumstance the hypothetical question asked by plaintiff of his medical witnesses does not assume a pre-existing condition of tuberculosis. However, the evidence shows plaintiff complained of pain in the chest beginning about three weeks after entering the hospital for his injury. This of course was due to the pleurisy which developed and which required drainage. But this condition cleared up completely as Dr. Kravec testified at page 58, 1. 6-11:

" 'Q. Did you take any x-rays at that time?

" 'A. Yes. We took x-rays before the aspiration and it showed the presence of the fluid and then we followed this up with several other x-rays that showed the fluid completely cleared from the lung ' "

It is said in **Industrial Commission of Ohio v. Klaff, 123 Oh St 451** at 453:—

"The greater part of the briefs of counsel is confined to the issue whether the disease of tuberculosis, from which the applicant now suffers, was caused by the lifting of heavy steel rails upon the car, as claimed by him, or whether, as claimed by the state, the plaintiff at the time of injury had the germ of tuberculosis in his body and that the present stage of his disease would have developed in any event. Those issues were presented by the court to the jury and were found in the plaintiff's favor; and a majority of this court do not feel inclined to reverse the case upon the ground that the plaintiff offered insufficient evidence to support that issue."

This court being unable to find the judgment of the trial court is manifestly against the weight of the evidence and no other error being claimed the judgment of the court of common pleas is affirmed.

NICHOLS and GRIFFITH, JJ, concur in judgment.